Phyllis Widman, Esq. (ID: 004861999)
**WIDMAN LAW FIRM, LLC**
2312 New Road, Suite 103
Northfield, New Jersey 08225
O: (609) 848-5692  C: (732) 829-3416
FAX: (609) 788-4527
pwidman@widmanlawfirm.com
*Attorney for Plaintiff, Demetra Vakkas*

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DEMETRA VAKKAS** <br><br> **Plaintiff,** <br><br> v. <br><br> **AHS HOSPITAL CORP. d/b/a/ MORRISTOWN MEDICAL CENTER, ABC CORPORATIONS, XYZ CORPORATIONS/Related or Third Party Entities, and JOHN AND JANE DOES 1-10/Employees and/or third party employees, subcontractors.** <br><br> **Defendants.** | **VERIFIED COMPLAINT AND JURY TRIAL DEMAND** <br><br> **HON.** <br><br> **Civil No.:** |

Plaintiff, Demetra Vakkas, by and through her attorney, Phyllis Widman, Esq., says by way of complaint against the Defendant as follows:

### **PARTIES**

1. Plaintiff Demetra Vakkas ("Plaintiff") is an individual domiciled in Pennsylvania with an address of 3410 Poplar Street Stroudsburg, Pennsylvania 18360.

2. Defendant AHS Hospital Corp. ("Defendant") is a New Jersey registered business entity that operates numerous hospitals and other healthcare facilities throughout the State of New Jersey, including Morristown Medical Center, where Plaintiff was previously employed.

1

Upon information and belief, Defendant has a principal place of business 100 Madison Ave, Morristown, NJ 07960.

3. ABC Corporations representing any and all parent, subsidiary, or otherwise related or affiliated entities to AHS Hospital Corp. and/or any third party outsourced companies they may have worked with.

4. Jane and John Does 1-10 representing any individuals in AHS Hospital Corp.'s Human Resources Department or other departments/divisions/subsidiaries involved in drafting, implementing, deciding, and/or enforcing the covid-19 vaccination and testing policy mandates.

## JURISDICTION AND VENUE

5. The District Court for the District of New Jersey maintains jurisdiction over this action pursuant to 28 U.S.C. § 1332, each part being citizens of different States and the amount in controversy exceeding the sum or value of $75,0000, exclusive of costs and interests.

6. The District Court of New Jersey maintains jurisdiction of this action pursuant to 28 U.S.C § 1331 because the subject matter involves questions of federal law.

7. Venue is proper under 28 U.S.C. §1391(b), because Defendants' business operates in this District and the events comprising the basis of this complaint occurred in this District.

8. This Court has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367.

## PROCEDURAL PREREQUISITES

9. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination based on her religious beliefs with respect to Defendant's covid-19 vaccination and testing mandates for its employees.

10. The EEOC issued Plaintiff a Right to Sue letter dated January 24, 2023. A true and correct copy of this letter is attached hereto as Exhibit A.

11. This action is being commenced within ninety (90) days of Plaintiff's receipt of the Right to Sue letter as prescribed by the letter.

## FACTUAL ALLEGATIONS

12. Plaintiff was an employee of Morristown Medical Center, one of numerous medical centers throughout the State of New Jersey owned and operated by Defendant.

13. Plaintiff provided crisis intervention services to patients in the Emergency Department, particularly working with individuals arriving with a mental health or substance abuse emergency and making recommendations for their level of care.

14. Plaintiff was a dedicated employee of Morristown Medical Center for eleven (11) years and worked throughout the entirety of the height of the covid-19 pandemic prior to her wrongful termination in July of 2021.

15. In or around June of 2021, Defendant began informing its employees, including Plaintiff, that they needed to be fully vaccinated or otherwise submit to weekly PCR testing for covid-19.

16. Plaintiff's sincerely held religious beliefs prevented her from receiving the covid-19 vaccination and from the PCR testing requirements demanded by Defendant as conditions for Plaintiff to retain employment.

17. Starting July 29, 2021, Plaintiff was indefinitely prohibited from returning to work based on the mandates forbidding unvaccinated employees to enter the medical center.

18. On or about July 30, 2021, Plaintiff requested a religious exemption from Defendant's covid-19 vaccination and covid-19 testing requirements.

19. Plaintiff has regularly requested and received religious exemptions for the flu vaccine mandates in the past, which were granted, and without having the sincerity of her religious beliefs questioned.

3

20. Defendant arbitrarily and unconstitutionally questioned the sincerity of Plaintiff's religious beliefs regarding her request for an exemption from the covid-19 testing requirements.

21. Plaintiff was discriminated against and not allowed to work any shifts during the time period while her religious exemption request from the covid-19 requirements was being reviewed, despite Plaintiff having had an existing religious exemption from the flu vaccine and testing requirements.

22. On or about September 30, 2021, Defendant denied Plaintiff's request for an exemption from both the covid-19 vaccination and covid testing mandates, disingenuously stating that no reasonable accommodation could be afforded.

23. The initial denial stated that a remote position was not available and would pose an undue hardship on Defendant, despite Plaintiff's colleagues being afforded this same accommodation and Plaintiff having the ability to perform all of her essential job functions remotely.

24. Plaintiff requested specific information from Defendant to explain how her accommodation request was an undue burden and how that determination was made, to no avail.

25. In or around November 2021, Plaintiff was "virtually" removed from the Morristown Medical Center computer system, including losing all access to her company email account.

26. Upon information and belief, Plaintiff was removed from the employer's computer system because she was deemed "out of compliance" with the covid-19 vaccination mandates. Plaintiff contends that this was a set-up by Defendant, against Plaintiff.

27. Upon losing access to the Morristown Medical Center employee system, Plaintiff was unable to further engage with Defendant to find a reasonable accommodation due to the lack of access to her email account. Further, Plaintiff was robbed of the opportunity to respond to

Defendant, who did not continue the interactive process, thus failing to make a bona fide effort to accommodate Plaintiff.

28. On or about December 3, 2021, Plaintiff received a forwarded email from her supervisor to her personal email that leaders are to have all unvaccinated team members receive disciplinary action and have their access to AHS systems removed due to AHS requiring all employees to be vaccinated.

29. On or about December 6, 2021, Ms. Maria Merida sent an email to Plaintiff's personal email stating that Plaintiff may be able to work remotely, and that a phone and laptop had been ordered to allow for that. However, by that time, Plaintiff had been removed from Defendant's systems and Plaintiff therefore did not see this email, which was an orchestrated effort by Defendant to discriminate and harm Plaintiff.

30. Upon information and belief, on or about January 5, 2022, termination went into effect for all employees, including Plaintiff, who were deemed to be out of compliance with the vaccine mandates. Therefore, Plaintiff was wrongfully terminated.

31. In or around April 2022, Plaintiff received paperwork from Defendant regarding her retirement plan which said papers indicated that she had "resigned" on January 11, 2022. Plaintiff did not willfully resign, she was terminated and/or constructively discharged.

32. Plaintiff has suffered mental and emotional distress as well as economic damages due to Defendant's violation of her civil rights and legal rights under State and Federal law.

**COUNT I - RELIGIOUS DISCRIMINATION UNDER
TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 42 U.S.C. §§ 2000e**

33. Plaintiff repeats and incorporates as if fully stated herein each and every allegation stated in the preceding paragraphs.

34. Title VII prohibits employers from discriminating against an employee on the basis of an employee's religion.

35. It also states that an employer must not force an employee to abandon or alter their religious practice as a condition of continued employment and/or to avoid an adverse employment action.

36. Defendant discriminated against Plaintiff based on her religious beliefs by refusing to allow her to work any shifts while her religious exemption request was under review. Further, Defendant improperly imposed and enforced a vaccination mandate on Plaintiff that would have forced her to alter or abandon her sincerely held religious belief.

37. Defendant harrassed Plaintiff by sending emails threatening her job if she did not comply with their mandates and by making unreasonable demands of her to be repeatedly tested on a weekly basis without offering a less invasive alternative to this test, such as a "spit test."

38. Defendant's conduct was so severe and pervasive that it created a work environment that any reasonable person would have considered it offensive, all while Plaintiff was being demanded to comply without regard for her religious beliefs.

39. Defendant locked Plaintiff out of her employee account and purposely caused Plaintiff to miss the opportunity to continue to fruitfully participate in an interactive process to keep her job.

40. Plaintiff was then discharged in contravention of the Civil Rights Act, since she would not abandon her religious beliefs.

41. Defendant's above actions constitute unlawful employment discrimination against Plaintiff based upon her sincerely held religious beliefs.

42. Ultimately, Defendant wrongfully terminated Plaintiff based on her religious beliefs, and erroneously and disingenuously claimed Plaintiff "resigned."

**WHEREFORE**, Plaintiff seeks judgment as follows:

    a. Economic damages for the lost wages and benefits (past and future);

    b. Compensatory damages for Plaintiff's ongoing mental and emotional pain and suffering;
    c. Punitive damages;
    d. Attorneys fees and costs; and
    e. Any other relief that the Court may deem just and equitable.

## COUNT II - RELIGIOUS DISCRIMINATION UNDER THE NEW JERSEY LAW AGAINST DISCRIMINATION N.J.S.A. 10:5-1 et seq.

43. Plaintiff repeats and incorporates as if fully stated herein each and every allegation stated in the preceding paragraphs.

44. The New Jersey Law Against Discrimination prohibits employers from imposing any requirements or conditions of employment upon their employees that would force them to forego a sincerely held religious belief.

45. The New Jersey Law Against Discrimination also requires employers to engage in a "bona fide effort" to accommodate an employee's sincerely held religious belief.

46. The covid-19 vaccination and testing mandates were in direct opposition of Plaintiff's sincerely held religious beliefs.

47. Defendant unlawfully imposed a condition of employment upon Plaintiff that would have forced her to forgo a sincerely held religious belief and Defendant failed to make a "bona fide effort" to accommodate Plaintiff's religious beliefs.

48. Defendant wrongfully terminated Plaintiff based on her religious beliefs.

**WHEREFORE**, Plaintiff seeks judgment as follows:

    a. Economic damages for the lost wages and benefits (past and future);
    b. Compensatory damages for Plaintiff's ongoing mental and emotional pain and suffering;
    c. Punitive damages;
    d. Attorneys fees and costs; and
    e. Any other relief that the Court may deem just and equitable.

## COUNT III - CONSTRUCTIVE DISCHARGE

49. Plaintiff repeats and incorporates as if fully stated herein each and every allegation stated in the preceding paragraphs.

50. Beginning July 29, 2021, Plaintiff was indefinitely obstructed from returning to work.

51. Beginning in or around November 2021, Plaintiff was denied access to the AHS systems, including the employee portal and her company email account.

52. In or around January 2022, employees were to be terminated if they were still deemed out of compliance with the covid-19 vaccination mandates.

53. Based on this sequence of events, Plaintiff reasonably considered herself terminated and Defendant's use of semantics to confuse the method of separation between Defendant and Plaintiff is intentionally confusing and convoluted.

54. Defendant's assertion that Plaintiff resigned is disingenuous, at best.

55. Even if Plaintiff resigned, she did not do so willingly, and rather was forced out due to the mandates imposed that would have forced her to forgo a sincerely held religious belief, thereby being constructively discharged.

56. Plaintiff has suffered economic damages, as well as mental and emotional damages from this entire process.

**WHEREFORE**, Plaintiff seeks judgment as follows:

   a. Economic damages for the lost wages and benefits (past, present and future);
   b. Compensatory damages for Plaintiff's ongoing mental and emotional pain and suffering;
   c. Punitive damages;
   d. Attorneys fees and costs; and
   e. Any other relief that the Court may deem just and equitable.

## COUNT IV - WRONGFUL TERMINATION

57. Plaintiff repeats and incorporates as if fully stated herein each and every allegation stated in the preceding paragraphs.

8

58. Plaintiff requested an exemption based on her sincerely held religious beliefs.

59. Defendant failed to engage in any genuine interactive process or bona fide effort to accommodate Plaintiff's exemption request.

60. Defendant terminated Plaintiff for her rightful refusal to forego her sincerely held religious belief.

61. This termination was in violation of Plaintiff's religious rights and caused Plaintiff to suffer damages.

**WHEREFORE**, Plaintiff seeks judgment as follows:

a. Economic damages for the lost wages and benefits (past, present and future);
b. Compensatory damages for Plaintiff's ongoing mental and emotional pain and suffering;
c. Punitive damages;
d. Attorneys fees and costs; and
e. Any other relief that the Court may deem just and equitable.

### COUNT V - HOSTILE WORK ENVIRONMENT UNDER THE NEW JERSEY LAW AGAINST DISCRIMINATION

62. Plaintiff repeats and incorporates as if fully stated herein each and every allegation stated in the preceding paragraphs.

63. Defendant discriminated against Plaintiff because of Plaintiff's religious beliefs, so much so, that the conditions of Plaintiff's employment were altered to the extent that the environment became hostile.

64. Beginning in 2020, Defendant repeatedly sent emails harassing Plaintiff and other employees to get vaccinated or risk disciplinary action and termination.

65. Defendant did not make a good faith effort to work with Plaintiff to find a reasonable accommodation, since Defendant was fully aware that getting a PCR test twice per week violated Plaintiff's religious beliefs.

66. Instead, Defendant chose to harass, scare, intimidate and otherwise torment Plaintiff by locking her out of its computer systems and denying her access to Defendant's premises; effectively cutting her off entirely from the medical center, despite claiming she was not terminated. This was a purposeful set-up to harass and cause Plaintiff distress and ultimately cause Plaintiff to be in a no-win situation where she would either have to violate her own beliefs or lose her job.

67. Plaintiff never received any disciplinary process prior to being fired and she had always been granted the religious exemption for the flu vaccine in the past. This covid vaccine-related harassment was directed at her as their target of a person who should simply get the vaccine and be quiet. This caused stress, upset, fear and created the hostile work environment.

**WHEREFORE**, Plaintiff seeks judgment as follows:

    a. Economic damages for the lost wages and benefits (past, present and future);
    b. Compensatory damages for Plaintiff's ongoing mental and emotional pain and suffering;
    c. Punitive damages;
    d. Attorneys fees and costs; and
    e. Any other relief that the Court may deem just and equitable.

### COUNT VI - VIOLATION OF THE NEW JERSEY CONSCIENTIOUS EMPLOYEE PROTECTION ACT ("CEPA") N.J.S.A. 34:19-1 et seq.

68. Plaintiff repeats and incorporates as if fully stated herein each and every allegation stated in the preceding paragraphs.

69. While Plaintiff was discussing her religious exemption request with Defendant, she requested additional information on the PCR tests being provided and also additional information justifying the decision that her requested accommodation would be an "undue burden."

70. Plaintiff also made it known that she would be filing a claim for a discrimination in the EEOC.

71. Shortly after these discussions, Plaintiff was removed from Defendant's computer systems, unable to access the employee portal or her employee email.

72. Upon information and belief, this was at least partially because Plaintiff was planning to file a complaint about Defendant's unlawful behavior.

73. Defendant retaliated against Plaintiff for her questioning and for exposing its discriminatory practices.

74. Plaintiff suffered damages due to Defendant's retaliation.

**WHEREFORE**, Plaintiff seeks judgment as follows:

a. Economic damages for the lost wages and benefits (past, present and future);
b. Compensatory damages for Plaintiff's ongoing mental and emotional pain and suffering;
c. Punitive damages;
d. Attorneys fees and costs; and
e. Any other relief that the Court may deem just and equitable.

## COUNT VII - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

75. Plaintiff repeats and incorporates as if fully stated herein each and every allegation stated in the preceding paragraphs.

76. Defendant's failure to fully accommodate Plaintiff and then purposely cutting her out of the computer system so that she would be forced to fail and be terminated, caused Plaintiff emotional distress. Further, Defendant purposely caused Plaintiff's emotional distress by refusing to accommodate Plaintiff and instead offering accommodations that Plaintiff explained were not acceptable.

77. The aforementioned conduct was so extreme and outrageous as to go beyond all bounds of human decency.

78. Defendant's actions caused the emotional distress.

79. The distress was so severe that no reasonable person in Plaintiff's position could be expected to endure it.

80. Plaintiff suffered damages due to Defendant's actions.

**WHEREFORE**, Plaintiff seeks judgment as follows:

a. Economic damages for the lost wages and benefits (past, present and future);
b. Compensatory damages for Plaintiff's ongoing mental and emotional pain and suffering;
c. Punitive damages;
d. Attorneys fees and costs; and
e. Any other relief that the Court may deem just and equitable.

**WIDMAN LAW FIRM, LLC**

Dated: April 23, 2023

*/s/ Phyllis Widman*
Phyllis Widman, Esq.

## DEMAND FOR JURY TRIAL PURSUANT TO F.R.C.P 38(B) AND TRIAL COUNSEL DESIGNATION

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure hereby demand a trial by jury of all issues in this action so triable as of right by a jury. Phyllis Widman, Esq. is hereby designated as trial counsel.

## CERTIFICATION PURSUANT TO L. CIV. RULE 11.2

Plaintiff hereby certifies that the matter in controversy is not the subject of any other pending or contemplated judicial or arbitration proceeding. To the best of Plaintiff's knowledge and belief, no other parties need to be joined at this time.

**WIDMAN LAW FIRM, LLC**
*Attorney for Plaintiff*

Dated: April 23, 2023

*/s/ Phyllis Widman*
Phyllis Widman, Esq.